IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY ELIZABETH ZOOK,　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>COMMISSIONER OF SOCIAL SECURITY,　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　　)　 | Civil Action No. 23-1990 |

O R D E R

AND NOW, this 20th day of February, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   See 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]    Plaintiff contends the Administrative Law Judge ("ALJ") erred by finding she did not meet or equal Listing 12.06 and by crafting a residual functional capacity ("RFC") that did not fully incorporate the full limiting effects of her physical and mental impairments. (Doc. No. 9).   After careful review, the Court disagrees with Plaintiff and finds the ALJ's determinations are supported by substantial evidence.

The Court rejects Plaintiff's argument that the ALJ failed to properly analyze whether she met Listing 12.06 based on her impairment of obsessive compulsive disorder ("OCD").   Plaintiff contends the ALJ's analysis was based on cursory, selective, and inaccurate references to the record.   (*Id.* at 13-16).   In support of this, Plaintiff points out that the ALJ relied on evidence of Plaintiff's social interaction during her time working, which was before Plaintiff's illness progressed, and evidence that she could dress and groom herself, despite evidence in the record demonstrating the opposite.   (*Id.* at 13-14). Plaintiff also emphasizes that the ALJ did not address her homicidal ideations against her ex-boyfriend, her need to turn off her video during tele-treatment, and her inability to attend in-person appointments.   (*Id.* at 14).   Plaintiff posits that these errors led the ALJ to improperly conclude that Plaintiff did not meet the criteria of Listing 12.06, including the four areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself (collectively the "Paragraph B Criteria").   (*Id.* at 14-16).

The Court views this argument as essentially a request to re-weigh the evidence. It is well-established that an ALJ "need not mention every piece of evidence within the record."   *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009) (citation omitted).   Moreover, the ALJ is allowed to consider "all of the evidence presented including information about [Plaintiff's] prior work record."   20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).   Here, the ALJ thoroughly considered the Paragraph B Criteria and concluded Plaintiff had mild and moderate limitations in each criterion.   (R. 21-22).   Additionally, the ALJ considered evidence of Plaintiff's social interaction while working and heard Plaintiff's testimony that she had some difficulty interacting with others toward the end of her employment.   (R. 21, 54-55).   This was all taken into consideration as evidenced by the limitation to occasional interaction with others in Plaintiff's residual functional capacity ("RFC").   *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (holding that an ALJ's decision must be "read as a whole").   The ALJ also considered that Plaintiff repeatedly denied homicidal ideation and viewed treatment records showing Plaintiff participated in tele-treatment and a remote intensive outpatient program.   (R. 24-27).   Accordingly, Plaintiff's argument on this point fails.

The Court also rejects Plaintiff's argument that the ALJ found the opinion of Danielle Classen, LPC, Plaintiff's treating provider, unpersuasive based on irrelevant findings. (Doc. No. 9 at 13-16). Ms. Classen opined that Plaintiff had listing-level limitations due to her OCD and anxiety. (Ex. 15F). The ALJ considered this opinion in accordance with the relevant regulations and found it unpersuasive. (R. 27); 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 404.1520c(b), (c); 416.920c(b), (c). Specifically, the ALJ found this opinion to be inconsistent with other record evidence, including treatment records, which showed generally unremarkable findings, and Plaintiff's records from intensive outpatient treatment, which showed a severe mental impairment but not marked limitations. (R. 27). Moreover, the ALJ found this opinion unsupported by Ms. Classen's treatment records, which did document extremely impaired functional status but also generally unremarkable findings. (R. 27 (citing Ex. 13F)). In sum, substantial evidence supports the ALJ's analysis of Ms. Classen's opinion.

Similarly, the Court rejects Plaintiff's argument that the ALJ erred by finding the state agency consultants' opinions persuasive. These psychological consultants opined that Plaintiff had only mild and moderate mental limitations. (Exs. 1A, 5A). Plaintiff contends that the ALJ based his persuasive finding on factors that had nothing to do with OCD, such as her clear speech and average intelligence. (Doc. No. 9 at 14). Further, Plaintiff posits that these opinions are not very persuasive as these medical experts did not have access to 700 pages of evidence, including the opinion of Ms. Classen, when rendering their opinions. (*Id.* at 14-15). Plaintiff, though, overlooks that the ALJ was not prohibited from finding these opinions persuasive simply because these opinions were rendered before other evidence became available. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (stating "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Here, the ALJ found these opinions persuasive, as they were supported by consultative examination findings, which showed results within normal limits, and other evidence within the record was consistent with these opinions, as it showed Plaintiff had an anxious mood and affect, but otherwise showed generally normal findings. (R. 27-28). The ALJ's analysis considered many aspects of Plaintiff's psychological health, including her memory skills, cognitive function, insight, judgment, thought process, behavior, and speech. (*Id.*). Further, the ALJ had access to and considered the 700 pages of evidence that were produced after the psychological consultants rendered their opinions when deciding and issuing his decision in this case. Accordingly, Plaintiff's argument on this point fails.

The Court also finds no merit in Plaintiff's argument that the ALJ erred in analyzing the criteria of Listing 12.00G2 (the "Paragraph C Criteria"). The Paragraph C Criteria are satisfied when the claimant's disorder is "serious and persistent[;]" there is evidence of "[m]edical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish the symptoms and signs of [the] mental disorder[;]" and there is

"[m]arginal adjustment, that is, [the claimant] ha[s] minimal capacity to adapt to changes in [his/her] environment or to demands that are not already part of [his/her] daily life."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06.  Plaintiff argues she met these criteria as she relies on ongoing mental health therapy, psychosocial supports, and a highly structured setting to diminish the signs and symptoms of her mental disorders.  (Doc. No. 9 at 16).  Moreover, Plaintiff contends, the medical records demonstrate that she has had marginal adjustment.  (*Id.* at 17).  The Court disagrees.

The ALJ stated Plaintiff did not meet the Paragraph C Criteria because the record did "not show evidence of treatment, supports, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of mental disorder and marginal adjustment[.]" (R. 22 (emphasis in original)).  Moreover, the Paragraph C Criteria require psychosocial supports, "such as the help of family members who aid a claimant in his or her basic functioning and daily activities, participation in programs that provide instruction in entry-level work skills and daily living, the receipt of 'comprehensive "24/7 wrap-around" mental health services,' residence in a hospital or institution that provides 24-hour care, and receipt of 'assistance from a crisis response team, social workers, or community mental health workers' who help the claimant with his or her physical needs."  *Gibson v. Saul*, No. 20-145, 2021 WL 371577, at *5 (D. Conn. Feb. 3, 2021) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00D.1.).  "The regulations also recognize that a claimant can meet [the Paragraph C Criteria] if he [or she] lives alone and does not receive psychosocial supports but has instead 'created a highly structured environment by eliminating all but minimally necessary contact with the world outside [his or her] living space.'"  *Gibson*, 2021 WL 371577, at *5.  Here, the ALJ correctly recognized that Plaintiff did not meet this standard.  The ALJ explained in his decision that Plaintiff reported she was able to live alone, could operate a motor vehicle, and is able to dress and groom herself, among other activities.  (R. 24).  While Plaintiff may rely on ongoing mental health therapy and require some help at home, there is no evidence in the record that she relies on ongoing psychosocial supports or a highly structured setting such that she would meet the Paragraph C Criteria.  *See Hirst v. Kijakazi*, No. 20-1756, 2021 WL 5989111, at *4 (W.D. Pa. Dec. 17, 2021) (stating "a claimant who functions mostly independently, travels independently, shops alone, goes online, manages money, and is observed to have goal-directed thoughts, typically cannot meet this standard.) (citations omitted).  Accordingly, the ALJ's analysis of the Paragraph C criteria is supported by substantial evidence.

Likewise, the Court finds no merit in Plaintiff's argument that the ALJ erred by rejecting her self-described limitations.  (Doc. No. 9 at 20-21).  The Court notes that, as a general matter, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference.  *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  Here, the ALJ stated that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/Mark R. Hornak, J.<br>Chief United States District Judge

ecf:　　　　Counsel of record

---

with the record evidence.  (R. 23).  Plaintiff contends this analysis was merely boilerplate, but Plaintiff overlooks that the ALJ went on to explain that the record showed Plaintiff was capable of logical thought processes, was cooperative, of average intelligence, and that her judgment was within normal limits.  (R. 25-27).  The ALJ did not ignore Plaintiff's complaints that she has days where she is in complete isolation, had to complete all her treatment via video, and has been through two intensive outpatient treatment programs.  (R. 24-26).  After analysis of the entire record, the ALJ concluded that Plaintiff's complaints were not fully supported.  (R. 23).  This analysis was logical and is supported by substantial evidence.

Similarly, Plaintiff's argument that the ALJ failed to consider her off-task time due to medical appointments and treatment is without merit.  While Plaintiff asserts that her treatment would require her to miss 8.3 days of work per-month, Plaintiff fails to show the evidence to support this assertion as there is no indication in the record that each appointment requires her to miss a full day of work.  (Doc. No. 9 at 23-24).  Additionally, Plaintiff provides no evidence that such appointments could not be scheduled outside of her prospective working hours.  Accordingly, there is no indication that Plaintiff would necessarily have to miss partial days of work in order to attend her appointments.  Simply, Plaintiff has not established that she would have the necessary absences per month that would preclude her from engaging in work on a regular and ongoing basis.  *See Stull v. Saul*, No. 19-227-E, 2020 WL 5774895, at *1 n.1 (W.D. Pa. Sept. 28, 2020).  In sum, Plaintiff has failed to carry her burden on this point.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

5